■ ANNE GREZINSKY, Appellant, v TEACHERS' RETIREMENT BOARD OF THE TEACHERS' RETIREMENT SYSTEM, Respondent. [642 NYS2d 888] —Judgment, Supreme Court, New York County (David Saxe, J.), entered on or about March 29, 1995, which denied petitioner's application pursuant to CPLR article 78 to annul respondent's determination rejecting petitioner's application for accident disability retirement, and dismissed the petition, unanimously affirmed, without costs.

Under Administrative Code of the City of New York § 13-551 (a), an applicant for accident disability retirement must be a "contributor in city-service". "Contributor" is defined as "any member of the retirement association", and "city-service" is defined as "any service as an employee of the city" (Administrative Code § 13-501 [10], [13]). Interpreting section 13-551 (a) to mean that an applicant must be an "active" and "current" employee at the time she or he submits an application, respondent rejected petitioner's application for accident disability because she had already been retired several months on ordinary disability. We agree with the IAS Court that respondent's interpretation of section 13-551 (a) is rational, and that its refusal to consider petitioner's application was therefore not arbitrary and capricious. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.